**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

    v.                                          **Case No. 09-C-1093
(Criminal Case No. 06-Cr-231 )**

**EXIE TATUM, JR.**

        **Movant.**

---

## DECISION AND ORDER

---

Pro se movant Exie Tatum, Jr. ("Tatum"), who is currently confined at the Federal Correctional Institution in Milan, Michigan, as the result of this Court's August 14, 2007, entry of an amended judgment against him, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

Previously, Tatum appealed his conviction for possession with intent to distribute controlled substances, possession of a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm. His conviction was affirmed on appeal. *See United States v. Tatum*, 548 F.3d 584, 585 (7th Cir. 2008). The sole issue on appeal was whether this Court erred in admitting into evidence three baggies of cocaine that were found on Tatum's person during booking because the government had not laid a proper foundation for the admission of the evidence. *Id.* at 586. The appellate court noted that defense counsel had objected to the admission of that evidence for lack of foundation. *See id.* The court held

that the government laid a proper foundation for the admission of the three exhibits of crack cocaine and that the failure of the booking officer, Micheal Capati ("Capati"), to specifically recall recovering the drugs from Tatum, did not render the drugs inadmissible. *Id.* at 587-88. The court also held that, even if admission of the drugs was erroneous it was harmless because, if the amount of drugs taken during booking was excluded from evidence the reduction of drug quantity was not enough to alter Tatum's guideline range. *Id.* at 588.

Liberally construing the § 2255 motion, Tatum contends that trial counsel violated his Sixth Amendment right to effective assistance of counsel because counsel did not file a motion to suppress the drug evidence that was found on Tatum's person during booking on February 1, 2005, and admitted into evidence at trial as exhibits 68, 69, and 70.

Tatum's motion is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. A district court may dismiss a § 2255 motion without holding a hearing or requiring the government to respond if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Gallo-Vasquez v. United States*, 402 F.3d 793, 797 (7th Cir. 2005) (quoting 28 U.S.C. § 2255 ¶ 2.) "If it plainly appears from the face of the motion, any annexed exhibits, and the record of prior proceedings that the moving party is not entitled to relief in the district court, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b) of the Rules Governing Section 2255 Proceedings. *See also, Poe v. United States*, 468 F.3d 473, 477 (7th Cir. 2006).

Section 2255 of Title 28 of the United States Code authorizes a federal prisoner to ask the court which sentenced him to vacate, set aside, or correct his sentence, if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law." In order to succeed on a claim of ineffective assistance of trial counsel, Tatum must above all demonstrate that his attorney performed in a deficient manner during the trial, *Strickland v. Washington*, 466 U.S. 668, 687 (1984), and then prove "that but for his counsel's unprofessional error, there is a reasonable probability that the results [of his trial] would have been different." *Berkey v. United States*, 318 F.3d 768, 774 (7th Cir. 2003). The Court need not consider the first prong of *Strickland*, if the Court finds that counsel's alleged deficiency did not prejudice Tatum. *See id.* at 772.

Although Tatum states that defense counsel should have filed a "motion to suppress," he raises contentions that if established would result in the exclusion of evidence based upon the Federal Rules of Evidence, not suppression. Moreover, Tatum's ineffective assistance of counsel claim is predicated upon underlying contentions that the court of appeals has previously considered on appeal, and rejected. *See Tatum*, 548 F.3d at 587-88.

Based on the court of appeals' holding that this Court did not err when it admitted into evidence the drugs found on Tatum's person during booking, this Court could not find that Tatum was prejudiced by counsel's performance at trial with respect to the admission of those drugs into evidence. *See Berkey*, 318 F.3d at 774. Additionally, contrary to the implication of Tatum's § 2255 motion, the court of appeals found that defense counsel

3

objected to the admission of the drugs found on Tatum during booking. *Id.* at 586. Based on the foregoing, this Court concludes that Tatum's motion pursuant to § 2255 is plainly without merit and dismisses the motion with prejudice.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Tatum's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence is **DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 30th day of November, 2009.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**U.S. District Judge**